Stewart, J.
The Attorney General contends that the original finding of the Probate Court to the effect that the bequest in Charles H. Shanafelt’s will “is a valid and subsisting one which said Latham Lodge No. 154, Free and Accepted Masons can legally accept or renounce” is res judicata on the question of the validity of the bequest as a charitable trust, regardless of the action of Latham Lodge. In view of the conclusion at which we have arrived, it is not necessary for us to consider that contention.
The question before us is whether the provision in the will creates a valid charitable trust of such a general nature that it survives after the declination of the trustee to accept it.
The Probate Court was of the opinion that the trust is dependent upon the acceptance by the trustee and that, upon its declination to serve, the trust fails, whereas tfie Court of Appeals was of the opinion that the trust is not personal as depending upon the acceptance by the trustee but that it is so impractical of operation and impossible of performance that it must necessarily fail.
The first question we consider is whether the trust is a personal one, that is to say, did the testator intend that it should not come into existence unless Latham Lodge accepted the obligation to execute it. In considering this question we must remember that it is axiomatic that equity favors a charitable trust and will not allow one to fail for want of a trustee unless the instrument creating such trust demonstrates that the settlor intended it to fail if his named trustee did not accept the trusteeship.
*9 It is argued that the testator was a man who lived largely by himself; that his great and practically only interest in life was Latham Lodge No. 154, Free and Accepted Masons, of which he was a member; and that his entire social and religious outlet was through his membership in that fraternal organization. It is contended that because of this situation he must have had in mind, in providing $20,000, to be known as the Shanafelt Fund and to be invested in U. S. government bonds at all times, the interest therefrom to be divided among the poor people of Kenton, Ohio, in money, during the months of December and January each year, that Latham Lodge should do the investing and distributing, and that, if Latham Lodge declined to do so, the trust was to fail and the money given to his nephews and nieces.
There might be some force to the argument if the will had provided that the money was to be divided among the Masonic poor, or among the poor as Latham Lodge might select. It will be observed, however, that the money is to be divided among the poor people of Kenton, without any direction as to how they are to be selected, that there is no discretion in the trustee as to how the money shall be invested, and that the only duty of the trustee is to distribute the income.
It is argued that because decedent had such confidence in and devotion to Latham Lodge he must have intended the trust only if the lodge acted as trustee. However, it would be rare indeed for the creator of a trust to select a trustee in whom he did not have fullest confidence and with whom, if such trustee were a person or persons, he did not have friendly and affectionate relations.
It will be noted that the testator provided for two contingencies upon which the trust is to fail and those are the failure to invest the money in government bonds at all times, and the failure to expend the money *10 as he directed. It would seem that if he had intended the trust to fail, if Latham Lodge declined to become trustee, he would have used appropriate language to indicate that intention.
Since a charitable trust is presumed not to fail for want of a trustee unless the language creating the trust so provides, we are of the opinion that the trust created by Charles H. Shanafelt is not dependent upon the acceptance thereof by Latham Lodge and that upon the declination of the lodge to be trustee, if the trust is otherwise valid, the Probate Court has the duty to appoint another trustee.
•> The next question before us is a consideration of the theory upon which the Court of Appeals held the trust invalid. That court decided that the provision in the bequest directing the interest earned on the government bonds to be divided among the “poor people of Kenton, Ohio ’ ’ is vague, inexpedient and impractical in literal execution.
It is difficult to understand how the Court of Appeals came to the conclusion it did in view of the cases which have been decided by this court concerning trusts similar to the oiie involved herein.
In the case of Palmer v. Oiler, Exrx., 102 Ohio St., 271, 131 N. E., 362, this court construed a provision in a will which gave to The Cleveland Trust Company the residue of a testator’s estate to be devoted to “needy and poor women.” In that case it was contended that the residuary clause was invalid for the reasons that the beneficiaries were too indefinite and not limited to any locality, that no definite class was designated from which the individuals could be selected, that no way was provided for their selection, and that the bank was not expressly given discretionary power to select them.
This court held in the syllabus:
*11 “1. A last will contained the following residuary clause, to wit: ‘The residue of my estate I give to The Cleveland Trust Company to be devoted to the needy & poor women.’ Held: To be a valid testamentary charitable gift.
“2. It is not necessary that the beneficiaries be limited to any particular locality.
“3. In the absence of express power of selection being given to the testamentary trustee, such authority will be implied.”
In the present case the beneficiaries are a much more limited class than in the Oiler case, for at least they are limited to the poor people of Kenton. Under the doctrine of the Oiler case, the trustee would, within proper bounds, have the implied power of selection in distributing the income of the investment during December and January of each year.
In the case of Hunt, Trustee, v. Edgerton, 9 C. C. (N. S.), 353, 19 C. D., 377, affirmed without opinion in Edgerton, Admr., v. Hunt, Trustee, 75 Ohio St., 594, 80 N. E., 1126, it was held that a valid charitable trust was created by a bequest which provided that the fund was to be applied “by my trustee to the education of colored children, by which I mean in whole or in part of negro blood.”
In the Edgerton case, nothing was said about locality, the selection of beneficiaries or the discretion of the trustee.
In the case of Landis et al., Exrs., v. Wooden, 1 Ohio St., 160, 59 Am. Dec., 615, this court was called upon to construe a residuary clause in a will, which provided, “The remainder of my estate I do hereby give and devise to the poor and needy, fatherless, etc., of Jefferson and Madison townships, of the county aforesaid; to such poor as are not able to support themselves, to be divided as my executors may deem proper without any partiality. ’ ’
*12 The court, Judge Ranney writing the opinion, held that the clause in the will was a valid and effectual one for the purposes therein expressed; that courts of chancery in this state on general principles, independent of the statute of charitable uses (43 Elizabeth), have jurisdiction to enforce such trusts; that the spirit and policy of the act for the relief of the poor would sustain such jurisdiction and the bequest; and that .no trust will fail for want of a trustee, as one will be appointed by a court of chancery.
In view of the uniform decisions of this court through the years, upholding the validity of charitable trusts much more vague and indefinite in their provisions than the one considered in the present case, we conclude that a gift to the poor of Kenton is not so impractical as to make it invalid, for the reason that discretion in the trustee as to the manner and extent of the distribution of such gift is implied.
The Probate Court of Hardin County has jurisdiction to effectuate the trust herein .by the appointment of a trustee to serve as a substitute for Latham Lodge No. 154, Free and Accepted Masons, and to counsel with and- advise the- trustee upon application as to the validity of any proposed method of distribution to carry out the terms of the trust.
The judgment of the Court of Appeals is reversed and the cause remanded to the Probate Court of Hardin County for further proceedings according to law.

Judgment reversed and cause remanded.

Weygandt, C. J., Taet, Matthias, Hart and Zimmerman, JJ., concur.